# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| GAIL WATSON CHIANG and<br>CURNEALL WATSON,<br><br>        Plaintiffs,<br><br>        v.<br><br>THOMAS J. VILSACK, SECRETARY OF<br>THE UNITED STATES DEPARTMENT OF<br>AGRICULTURE, DR. JOE LEONARD,<br>USDA ASSISTANT SECRETARY OF<br>CIVIL RIGHTS, and UNITED STATES<br>DEPARTMENT OF AGRICULTURE,<br><br>        Defendants. | ))))))))))))))))) | Civil Action No. 2013-0082 |

**Attorneys:**
**Gail Watson Chiang,** *Pro Se*
**Curneall Watson,** *Pro Se*
St. Croix, U.S.V.I.
    *For Plaintiffs*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

    THIS MATTER comes before the Court following the Court's January 18, 2018 Order to Show Cause, in which the Court required Plaintiffs Gail Watson Chiang and Curneall Watson ("Plaintiffs") to show cause by February 22, 2018 as to why their claims against Defendants should not be dismissed for failure to prosecute. (Dkt. No. 21). For the reasons that follow, Plaintiffs' claims against Defendants will be dismissed with prejudice for failure to prosecute.

# I. BACKGROUND

Plaintiffs initiated this action by filing a Complaint against Defendants on July 30, 2013, seeking relief under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, for Defendants' alleged failure to properly investigate Plaintiffs' administrative complaints regarding discrimination in loan application processes. (Dkt. No. 1). On March 13, 2014, Defendants filed a Motion to Dismiss for Lack of Jurisdiction or in the Alternative for Failure to State a Claim ("Motion to Dismiss") and a corresponding memorandum of law in support. (Dkt. Nos. 14, 15). Plaintiffs filed Motions for Extension of Time to Respond to Defendants' Motion to Dismiss on March 21, 2014 and April 28, 2014. (Dkt. Nos. 16, 17). The Court granted Plaintiffs' Motions and ordered Plaintiffs to respond to Defendants' Motion to Dismiss by May 19, 2014. (Dkt. No. 18). Plaintiffs failed to respond to Defendants' Motion to Dismiss by the Court-ordered deadline.

Following a review of its docket, the Court noticed that a neither a hard copy nor an email notice of its Order granting Plaintiffs' Motions for Extension of Time was recorded as having been forwarded to Plaintiffs, who are proceeding *pro se* in this matter. Therefore, by Order entered on April 14, 2015, the Court provided Plaintiffs with up to and including May 15, 2015 to respond to Defendants' Motion to Dismiss. (Dkt. No. 19). A hard copy of the Order was mailed to Plaintiffs, return receipt requested, and an electronic copy was emailed to Plaintiffs. Plaintiffs failed to respond to Defendants' Motion to Dismiss by the May 15, 2015 deadline or thereafter.

In light of Plaintiffs' failure to respond to Defendants' Motion to Dismiss, the Court issued an Order to Show Cause on January 18, 2018.[1] On the February 22, 2018 deadline for Plaintiffs' response to the Order to Show Cause, Plaintiffs filed a Motion to Consolidate Cases ("Motion to

---

[1] A hard copy of the Order to Show Cause was mailed to Plaintiffs by certified mail, return receipt requested.

Consolidate") (Dkt. No. 24), in which they requested that the Court consolidate this case with *Curneall Watson v. United States Department of Agriculture, et al.*, Civil Action No. 2017-0031. Apart from its general references to family hardships faced by Plaintiffs, the Motion to Consolidate did not address Plaintiffs' failure to respond to Defendants' Motion to Dismiss.

On June 21, 2018, Magistrate Judge George W. Cannon, Jr., entered an Order denying Plaintiffs' Motion to Consolidate, finding that interests of efficiency and convenience did not support Plaintiffs' request for consolidation because—with the exception of the United States Department of Agriculture—the cases involved distinct defendants and were at "significantly different procedural stages." (Dkt. No. 25).[2]

Other than their Motion to Consolidate—and despite the Court's warning in its Order to Show Cause that Plaintiffs' inaction would risk the dismissal of their claims for failure to prosecute—Plaintiffs have filed no response to the Order to Show Cause. Further, Plaintiffs have given no indication, following the Magistrate Judge's denial of their Motion to Consolidate, that they intend to respond to Defendants' Motion to Dismiss, which has now been pending before the Court for approximately four-and-one-half years.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") provides that a court may involuntarily dismiss an action based on a plaintiff's failure to prosecute or to comply with a court order. FED. R. CIV. P. 41(b). Dismissal under Rule 41(b) is often preceded by a motion from a defendant. However, the Third Circuit has recognized that a district court has the authority to

---

[2] As noted by the Magistrate Judge in his Order, the consolidation of cases "is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party." *Robinson v. N.J. Mercer County Vicinage - Family Div.*, 562 F. App'x. 145, 148 (3d Cir. 2014) (quoting *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)).

3

dismiss a case *sua sponte*, provided that the plaintiff is provided with an opportunity to explain its reasons for failing to prosecute the case or comply with a court order prior to dismissal. *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008) (citing *Emerson v. Thiel Coll.,* 296 F.3d 184, 191 (3d Cir. 2002)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (recognizing a district court's inherent power to dismiss an action *sua sponte* for failure to prosecute).

Courts should consider the factors set forth in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir. 1984), in deciding whether to dismiss a case with prejudice for failure to prosecute. *Reshard v. Lankenau Hosp.*, 256 F. App'x 506, 507 (3d Cir. 2007). Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (citing *Poulis*, 747 F.2d at 868) (emphases in original omitted). In the instant case, the Court finds that the balance of the *Poulis* factors weighs in favor of the dismissal of Plaintiffs' claims for failure to prosecute.

As to the first factor—the extent of Plaintiffs' personal responsibility—the Court finds that the *pro se* Plaintiffs bear the full responsibility for their failure over approximately four-and-one-half years to respond to Defendants' Motion to Dismiss, and have offered no justification for the delay other than general references to family hardships. Thus, this factor weighs strongly in favor of dismissal.

With respect to the second factor—prejudice to Defendants—the Court concludes that this factor weighs somewhat in favor of dismissal because the sheer length of the delay in this case suggests prejudice to Defendants.

The third factor—Plaintiffs' history of dilatoriness—weighs heavily in favor of dismissal. Simply put, Plaintiffs have made no apparent effort to respond to Defendants' Motion to Dismiss over the course of approximately four-and-one-half years. Further, Plaintiffs have manifested no intention to respond to the Motion to Dismiss, even in the face of the Court's Order to Show Cause.

The fourth factor—whether Plaintiffs' conduct was willful or in bad faith—weighs slightly in favor of dismissal. The record establishes that Plaintiffs were aware of Defendants' Motion to Dismiss and of their obligation to timely respond to the Motion, as they twice sought extensions of time to file their response. Nonetheless, Plaintiffs neglected their obligation—seemingly willfully—and have yet to file a response approximately four-and-one-half years later.

Dismissal is also supported by the fifth factor—the effectiveness of sanctions other than dismissal. The Court has treated Plaintiffs with substantial leniency, officially extending Plaintiffs' time to respond to Defendants' Motion to Dismiss from March 2014 until May 2015, and leaving the case open for another approximately two-and-one-half years before filing its Order to Show Cause. In response to the Court's Order to Show Cause, Plaintiffs failed to provide any explanation—let alone justification—for their delay in responding to Defendants' Motion to Dismiss. As of the date of this Opinion—over seven months after the deadline for Plaintiff's response to the Court's Order to Show Cause—Plaintiffs have not even suggested that they intend to respond to Defendants' Motion. Given Plaintiffs' failure to register their intent to proceed with this case, the Court sees no viable alternatives to dismissal under the circumstances here.[3]

---

[3] While the Court has not imposed a monetary sanction on Plaintiffs, it concludes that a monetary sanction would be unlikely to cure Plaintiffs' neglect of their claims—particularly where Plaintiffs have failed to respond to Defendants' Motion to Dismiss during the approximately eight months since the Court entered its Order to Show Cause placing Plaintiffs on notice that their inaction might result in the dismissal of their claims for failure to prosecute. *See Parks v. Ingersoll-Rand Co.*, 380 F. App'x 190, 195 (3d Cir. 2010) (finding that a district court had "no reason . . . to believe that keeping the case open while applying alternative sanctions would have enabled

Finally, with respect to the sixth factor—the meritoriousness of Plaintiffs' claims—Plaintiffs' failure to respond to Defendants' Motion to Dismiss leaves the Court without the benefit of Plaintiffs' perspective on the merits of their claims in light of Defendants' arguments such that the Court might properly assess this factor. *See Ramada Worldwide, Inc. v. Veer Enters., LLC,* 2013 WL 1314451, at *5 (D.N.J. Mar. 28, 2013) ("The Court declines to address the sixth *Poulis* factor, as it is impossible to evaluate the merits of [defendant's] defenses given his lack of participation in this action."). As such, the sixth factor does not affect the balance of considerations here.

In sum, the Court finds that five of the six *Poulis* factors weigh in favor of dismissal in light of Plaintiffs' continued failure after approximately four-and-one-half years to respond to Defendants' Motion to Dismiss. There is no requirement that "all *Poulis* factors must weigh in favor of dismissal in order for dismissal to be warranted." *Hunter v. Keller*, 239 F. App'x 771, 772 (3d Cir. 2007) (citing *Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co.,* 843 F.2d 683, 696 (3d Cir.1988)). Accordingly, Plaintiffs' claims against Defendants will be dismissed with prejudice for failure to prosecute.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 27, 2018 _____/s/_____
                                                                               WILMA A. LEWIS
                                                                               Chief Judge

---

[plaintiff's] counsel to cure the case's many defects or reform his pattern of foot-dragging delay").